IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD LEE HINTON,**

    Plaintiff,

v.                                                           Civil Action No. **3:17CV526**

**MASON,** *et al.,*

    Defendants.

**MEMORANDUM OPINION**

Donald Lee Hinton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Particularized Complaint ("Complaint," ECF No. 15), Hinton contends that Defendants Mason, the Food Service Manager at Lawrenceville Correctional Center ("LCC"), and Defendant Edward Wright, the Warden at LCC, violated his Eighth and Fourteenth Amendment rights by failing to investigate an incident where Hinton received a bloody napkin. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  SUMMARY OF ALLEGATIONS AND CLAIMS

Hinton's initial Complaint ("Initial Complaint," ECF No. 1), indicated on its first page that it was brought pursuant to "42 USC § 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the First, Fifth, Eighth and Fourteenth Amendment[s] to the United States Constitution." (Init. Compl. 1.)[2] However, in the statement of his claims, he alleged that defendants' conduct amounted to reckless endangerment and gross negligence, but he failed to identify how that conduct violated the Constitution. Accordingly, by Memorandum Order entered on January 26, 2018, the Court directed Hinton to particularize his Initial Complaint. The Court noted that Hinton's allegations were repetitive, conclusory, and failed to provide each

---

[2] Plaintiff later filed a document that the Clerk docketed as a Particularized Complaint; however, this submission is just the first page of the Initial Complaint with attached prison account statements. (*See* ECF No. 8.)

defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In his latest Particularized Complaint ("Complaint"), Hinton mostly complied with the Court's directives; however, he lacks a section containing a comprehensive statement of the facts giving rise to his claims. Instead, the facts are scattered throughout the Complaint and are extremely repetitive making it difficult for the Court to provide a concise summary. Moreover, the Complaint is long on legal conclusions and short on facts related to the named Defendants.[3] Accordingly, the Court has parsed the Complaint and makes a list of pertinent facts as follows:[4]

> 1. On "August 24, 2016, during afternoon chow, Hinton sat down to eat, after eating, Hinton unwrap[ped] a napkin that was around a plastic fork." (Compl. ¶ 26.) Hinton "grab[bed] the napkin and proceed[ed] to wipe his mouth constantly [and] he notice[d] blood on the napkin." (*Id.* ¶ 27.) "Hinton wipe[d] his mouth twice with a bloody napkin." (*Id.* ¶ 45.)
>
> 2. "Officer Harrison went to the back of the kitchen [and] explained to the Kitchen Supervisor Mrs. Mason about the incident" and Mason said "she did not have time to talk to her" and "Mason never came out to investigate the situation, nor seen the napkin." (*Id.* ¶¶ 28–29).
>
> 3. On "September 1, 2016, Hinton prepared an Informal Complaint . . . about the contaminated napkin." (*Id.* ¶ 35.) Supervisor D. Burke responded that "I spoke to Mrs. Mason and the linemen; both said they [had] seen the napkin [and] both said it was tomato paste from the beans." (*Id.* ¶ 36.)
>
> 4. Hinton filed a second Informal Complaint "to Warden Edward Wright and he transferred that complaint to Hinton's building Unit Manager J. Streat to look into the incident." (*Id.* ¶ 39.) Streat "call[ed] Hinton to his office to explain to him what happened [on] August 24, 2016 in the chow hall [and] Hinton explained the incident. (*Id.* ¶ 40.)

---

[3] Hinton's Complaint includes many facts that have nothing to do with the claims against Defendants Mason and Wright. The Court omits the facts not relevant to the instant claims.

[4] The Court corrects the punctuation, capitalization, spelling, and omits the emphasis in the quotations from the Complaint.

5. Streat spoke with Defendant Mason who said "she examine[d] the napkin [and] it was tomato paste. Mason lied, she never came out, neither her nor the linemen investigated the napkin." (*Id.* ¶ 41.)

6. By finding Hinton's Informal Complaint unfounded, Defendant Wright was "[b]asically calling Hinton a liar . . . show[ing] the courts the gross negligence and deliberate indifference to Hinton's health and safety and the conduct of Warden Ed Wright of this horrible incident that occurred in the chow hall." (*Id.* ¶ 46–47.)

7. As of June 5, 2017, Hinton has been diagnosed with "depression [and it has] increase[d] to Post traumatic stress as you can see . . . Hinton was called a liar by Warden Ed Wright and Supervisor Mason, lied and stated she investigated the contaminated napkin saying it was tomato paste." (*Id.* ¶ 50.)

Hinton raises the following claims for relief:

Claim One: Defendant "Mason, failed to investigate a serious situation . . . which inmate Hinton wip[ed] his mouth with a bloody napkin from the chow hall" in violation of Hinton's Eighth And Fourteenth Amendment rights. (Compl. 2.)

Claim Two: Defendant "Warden Edward Wright, he ruled on the Level I & 2 Response to regular grievance" as "unfounded" and "failed to investigate Hinton's complaint" in violation of Hinton's Eighth and Fourteenth rights. (*Id.*)

Hinton requests monetary damages. (*Id.* at 15.) For the reasons stated below, Hinton's claims will be DISMISSED as frivolous and for failure to state a claim.

## III. ANALYSIS

### A. Eighth Amendment Claims

As a preliminary matter, Hinton complains Defendants Mason and Wright violated both his Eighth Amendment rights and his Fourteenth Amendment substantive due process rights. "[I]t is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater *substantive* protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 327

(1986)). Accordingly, Hinton's challenges to the conditions of his confinement will be evaluated under the Eighth Amendment.

Moreover, while Hinton includes Eighth Amendment language such as "deliberate indifference" in his Complaint, some of Hinton's Complaint is tailored to state law negligence.[5] However, Hinton does not allege state law claims in his Complaint. As explained below, negligence does not amount to a constitutional violation.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9

---

[5] For example, Hinton repeatedly states that Defendants' actions amounted to "reckless endangerment" and "gross negligence" (*see, e.g.*, Compl. 2, ¶¶ 47, 51), or that Defendants' "reckless behavior violated the Operation Procedures of DOC Health and Safety Service regulations." (*Id.* ¶ 16.)

(1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Hinton "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In Claim One, Hinton contends that Defendant "Mason, failed to investigate a serious situation . . . which inmate Hinton wipe[d] his mouth with a bloody napkin from the chow hall" in violation of Hinton's Eighth Amendment rights. (Compl. 2.) The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). However, "individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury." *Ball v. City of Bristol, Va., Jail*, No. 7:10CV00303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). To the extent that Hinton argues that Defendant Mason was somehow responsible for his receipt of the bloody napkin, he fails to allege facts indicating that Defendant Mason was personally involved in the deprivation of his rights. Rather, it appears that Hinton faults Defendant Mason solely based on her capacity as a supervisor and not through any of her own individual actions, and thus, fails to state an Eighth Amendment claim. *Iqbal*, 556 U.S. at 676. Instead, the fact that Hinton received a bloody napkin on one occasion may, at most, state a claim of negligence, not an Eighth Amendment violation. *Cf. Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) (citations omitted) (holding slip and fall claim sounded in negligence and was insufficient to allege a constitutional claim); *Daniels*, 474 U.S. at 328 (holding inmate's claim that he was injured when he fell down stairs after tripping on pillow left by deputy sheriff amounted to negligence and was not a constitutional violation).

Next, Hinton faults Defendant Mason for failing to conduct any investigation into how he received a bloody napkin or whether the napkin was really covered in blood. However, the failure to investigate a complaint or grievance fails to state a claim of constitutional dimension. *See, e.g., Charles v. Nance*, 186 F. App'x. 494, 495 (5th Cir. 2006) (holding that alleged failure

to investigate a grievance "fails to assert a due process violation"); *Sweat v. Rennick*, No. 9:11–2908–JMC–, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) (citations omitted) (explaining that "[p]laintiff's complaint that this Defendant has not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."); *Lewis v. Williams*, Nos. 05–013–GMS, 05–51–GMS, 05–52–GMS, 2006 WL 538546, at *7 (D. Del. Mar. 6, 2006) (citation omitted) (explaining that "the failure to investigate a grievance does not raise a constitutional issue."). Thus, Hinton has failed to allege facts indicating that Defendant Mason violated his Eighth Amendment rights when she failed to investigate how Hinton received a bloody napkin or whether the napkin was truly covered in blood.[6] Claim One will be DISMISSED as legally frivolous and for failure to state a claim.

### B.  Claims Pertaining to Grievance Procedures

In Claim Two, Hinton faults Defendant Wright for failing to investigate Hinton's complaint about receiving the bloody napkin and for finding the complaint unfounded. However, from Hinton's own statement of the facts supporting his claims, Hinton indicates that

---

[6] Hinton also fails to make out an Eighth Amendment claim because he fails to allege facts indicating that he sustained any injury, must less a serious or significant physical or emotional injury resulting from wiping his mouth on a bloody napkin. *De'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d at 1381). At most, Hinton alleges that he already had Hepatitis C and that his depression increased to "Post traumatic stress," but this was caused by an unrelated incident. (*See* Compl. ¶¶ 49–50, 52.) Hinton's general claims of anguish and emotional stress fail to adequately allege a sufficiently serious injury. *See Strickler*, 989 F.2d at 1381. Given that deficiency, Hinton fails to adequately plead an Eighth Amendment violation. *See In Re Long Term Administrative Segregation of Inmates Designated as Five Percenters v. Moore*, 174 F.3d 464, 472 (4th Cir. 1999) (citations omitted) (explaining that depression and anxiety are ordinary incidents of prison life); *cf. Jones v. Vass*, No. 3:11CV510, 2013 WL 364364, at *4 (E.D. Va. Jan. 30, 2013) (citations omitted) (concluding no Eighth Amendment violation from general complaints of emotional injury from nurse failing to change her gloves). Moreover, Hinton seeks solely monetary damages. Hinton cannot purse a claim for monetary relief for any emotional harm because he failed to sustain any physical injury. *See* 42 U.S.C. § 1997(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.")

Defendant Wright directed Hinton's Unit Manager to investigate Hinton's complaint, and Hinton's Unit Manager spoke to Defendant Mason about the incident. (Compl. ¶¶ 39–41.) Thus, it appears that Defendant Wright actually investigated Hinton's complaint, but Hinton was simply dissatisfied with the result of said investigation. However, to the extent that Hinton is dissatisfied with Defendant Wright's conclusion that his complaint was unfounded, he fails to state a claim for relief.

As a preliminary matter, "there is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Because Hinton enjoys no constitutional right to participate in grievance proceedings, his allegation that Defendant Wright improperly dismissed his grievance is legally frivolous. *See Banks v. Nagle*, Nos. 3:07CV419–HEH, 3:09CV14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009) (citation omitted). Moreover, as discussed above, the failure to investigate a grievance fails to raise a constitutional claim. *Nance*, 186 F. App'x at 495. To the extent that Hinton faults Defendant Wright for finding his complaint unfounded, simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007).[7] To the extent that Hinton argues that Defendant Wright violated his rights by simply dismissing his grievance, this claim will be dismissed.

With respect to an allegation that Defendant Wright somehow violated his Eighth Amendment rights when he dismissed Hinton's complaint as unfounded, Hinton fails to state a claim for relief. While an inmate's grievances or letters to prison administrators may establish a

---

[7] The section Hinton has designated as facts supporting Claim Two mostly has nothing to do with Hinton's claim that Defendant Wright failed to investigate his grievance relating to the bloody napkin. Instead, this section is comprised of rambling complaints about unidentified LCC medical personnel and his Hinton's Hepatitis C. (*See* Compl. ¶¶ 52–56.)

its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 837). Hinton fails to allege facts indicating that because of Hinton's complaint, Defendant Wright "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Id.* at 994 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). As explained previously, Hinton's receipt of a bloody napkin on one isolated instance at most amounts to negligence. Thus, Hinton fails to allege facts that plausibly suggest that Defendant Wright was aware of a constitutional violation and ignored it. Accordingly, because Hinton fails to state a claim of constitutional dimension against Defendant Wright, Claim Two will be DISMISSED as legally frivolous and for failure to state a claim.

## IV. OUTSTANDING MOTION

On February 9, 2018, the Court received a submission from Hinton entitled, "MEMORANDUM IN SUPPORT OF MOTION TO ALTER JUDGMENT PRAYER FOR RELIEF." (ECF No. 16.) Hinton contends that "pursuant to Federal Rules of Civil Action Procedure 59(e)" he "moves this Honorable Court to 'Grant' his Motion to Alter or Amend Judgment with Memorandum in Support." (*Id.* at 1.) Hinton appears to summarize his claims and argue that he is entitled to relief. It appears that this document is meant to amend his prayer for relief. (*See id.* at 2.) To the extent that Hinton intends this submission to be a Motion to Amend his Particularized Complaint to amend his prayer for relief, that request (ECF No. 16) is GRANTED.

## V. CONCLUSION

Hinton's claims will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/12/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge